Gunter, J.
Replevin to recover typewriter and cabinet. At the close of plaintiff’s evidence, judgment of non-suit. Plaintiff appeals. Evidence for plaintiff was, that one Weaver obtained of it these articles, representing that he was purchasing as the agent of one McLaughlin; instructed them charged to McLaughlin, and stated that McLaughlin, in due time, would send a check in payment for them. Believing, and induced by the representations that *262 it was extending the credit to McLaughlin, and selling to him, the typewriter and cabinet were delivered to Weaver as the agent of McLaughlin. About one month thereafter plaintiff, discovering the fraud practiced, demanded their immediate return. Weaver stated he was doing some work, would like to use the machine a few days, and that if allowed to retain it for such time he would arrange the matter satisfactorily with plaintiff. Plaintiff replied the matter could be settled only one way, and that was by a return of the property, that unless this was made at once replevin would be instituted. The next day plaintiff’s agent, having in charge this matter was called out of the' city, returning in about five days. In the interval Weaver had sold to appellee, who, for the purpose of this opinion, we assume — without deciding — was an innocent purchaser. Plaintiff demanded possession of appellee, and upon refusal brought this action.
If by the above transaction the property in the typewriter and cabinet passed to Weaver then the judgment below should be affirmed, otherwise not. Plaintiff did not sell to Weaver; it agreed to sell to McLaughlin; but McLaughlin never bought of it. Plaintiff was induced to part with possession 'by reason of Weaver’s false representations that McLaughlin was purchasing through him, Weaver. The agreement thus reached was void, not merely voidable. The property in the typewriter and cabinet never passed to Weaver, who, having no title, could pass none; therefore, the title of plaintiff was not affected by the sale of Weaver to appellee. Upon this showing plaintiff was entitled to recover.
In Hamet v. Letcher, 37 Ohio St. 356, itohner. representing himself to be an agent of Letcher & Co., bought hogs of Hamet, paying only part of the purchase price, the vendor believing, and relying upon *263 his representations, that he was snch agent. He was not the agent of Letcher & Co., nor had he authority to buy hogs on their account. Eeceiving the hogs under such circumstances he sold them to a party igr norant of the fraud by which they were obtained. The vendor recovered the value of the hogs of this purchaser; the court holding that the property, in the hogs never passed to Eohner, that the agreement between him and the vendor was void.
In Parker v. Dinsmore, 72 Pa. St. 427, a party representing himself as the member of a firm, purchased wool in the name, and upon the credit of the firm. He thereafter sold to an innocent purchaser. The original vendor, Dinsmore, brought replevin against the purchaser, and recovered; the court holding that the title never passed from Dinsmore to the false agent,-because possession of the wool was tortiously obtained without the- owner’s consent; and saying in the course of the opinion:
“But the law is well settled that the owner cannot be divested of his property without his own consent, unless he has placed it in the possession or custody of another and given him an apparent or implied right to dispose of it. ”
Weaver did not acquire the property in the typewriter and cabinet, he, therefore, did not pass ownership therein to appellee.
The judgment should be reversed.

Reversed.